## JOHN W. ROLLINS v. JEROME WATSON—ELLIOT, Intervenor.

Intervenor, as agent of one *Crane*, a creditor of *Watson*, received two horses from *Watson*, with the understanding that Intervenor should sell them, and if the horses sold for more than *Crane's* claim, the surplus should be paid to *Watson*—if for less, *Watson* should make up the deficit.   On an attachment against *Watson*, the horses were seized, and the Intervenor claimed them as his property.   *By the Court:*—It cannot be held that the intervenor owned the horses either by sale, or *dation en paiement*, there being no price—no sufficient consideration to sustain such a transfer. Nor yet can he be regarded as pledgee—for the delivery not being accompanied by an act either in public form, or under private signature, did not invest him with the right of causing his debt to be satisfied by preference.

APPEAL from the Second District Court of New Orleans, *Lea*, J.   *Thomas Hunton*, for plaintiff.   *Upton*, for appellant.

CAMPBELL, J.   On the 3d January, 1853, plaintiff instituted suit by attachment against the defendant, *Jerome Watson*.   Under the writ issued in this case, certain horses were attached, two of which the intervenor, *Joseph Elliot*, claimed by third opposition, as his property, by virtue of a transfer from defendant, made December 31—the horses having been, as he alleges, taken from his possession after their delivery.   The third opponent further claimed damages and obtained an injunction inhibiting the sale of the horses thus seized. The property attached having been sold, the proceeds of the sale remain in the hands of the Sheriff, subject to the claims of the respective parties.

A rule was taken by the plaintiff on the intervenor to show cause why the injunction should not be dissolved, to which exceptions were filed but subsequently withdrawn, and, by consent of parties, the merits of the case, involving the ownership of the property attached, were tried upon the rule.

Judgment was rendered dismissing the intervention and dissolving the injunction, with damages ; from which judgment the intervenor has appealed.

On the trial the intervenor failed to establish his title to the property attached, and from the testimony of the witnesses, it would seem that he held it as mandatory, rather than as owner.

It appears that the intervenor, as agent of one *Crane*, a creditor of the defendant, received from him the horses in question, agreeing, in the language of the witness, to "take and sell them and apply the proceeds to pay *Crane's* debts ; and if there was any surplus, to pay it over to *Watson;* if not, *Watson* would pay the difference." This debt, (the consideration of the alleged transfer,) was evidenced by a note then and yet in the possession of *Elliot*, he never having delivered it to defendant. It was produced by him at the trial, and one of the witnesses, *Edgell*, deposes that, after the sale, intervenor stated that the horses had been placed in his hands for sale, and that he had no interest in them—that if he did not succeed in the suit, he still held the note.

Under these circumstances it cannot be held that the intervenor owned the horses either by sale, or *dation en paiement*, there being no price—no sufficient consideration to sustain such a transfer. Nor yet can he be regarded as pledgee ; for the delivery not being accompanied by an act, either in public form, or under private signature, did not invest him with the right of causing his debt to be satisfied in preference. C. C., art. 3124-5 ; Session Acts, 1852, p. 15, sec. 2. The intervenor might, perhaps, under the agreement, have sold the horses and imputed the price to the payment of the debt due him ; but this he would have done as agent, for until the sale and delivery, the ownership remained in the defendant, and the object continued subject to seizure for his debts.

Judgment affirmed.